MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DOUGLAS W. HEIM
*Assistant Corporation Counsel*
Phone  (212) 788-1298
Fax  (212) 788-9776
dheim@law.nyc.gov

October 2, 2007

**BY HAND**
Honorable Naomi R. Buchwald
United States District Judge
United States Courthouse
500 Pearl St., Room 2270
New York, NY 10007

    Re: <u>Damon Perez v. Bronx D.A. Robert T. Johnson, et al.</u>, 07 Civ. 3761 (NRB)

Your Honor:

  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants Johnson, Delgado, the New York City Department of Correction ("DOC") and the New York City Police Department ("NYPD") in the above-referenced matter. I write pursuant to Your Honor's Individual Motion Practices, to request a pre-motion conference in this action as defendants Johnson, Delgado, DOC, and NYPD intend to move to dismiss plaintiff's claims against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff is currently incarcerated and proceeding *pro se*, therefore, this application is being made directly to the Court.

  Plaintiff Damon Perez alleges that he was falsely arrested and subjected to excessive force by defendant Delgado on May 24, 2003. (Complaint § II, part D). Plaintiff further alleges that defendant Delgado denied him medical treatment. (Complaint § II, part D, "Facts cond."[sic]). He then claims that while incarcerated at Riker's Island in defendant DOC's custody, he was injured by other inmates because they believed he had committed the crime of which he had been accused. (Id.). Plaintiff further alleges that while he was indicted on a charge of attempted murder, he was acquitted by a trial verdict of not guilty on May 3, 2004. (Complaint § II, part D). Accordingly, plaintiff alleges that defendant Johnson maliciously prosecuted him. (Complaint § II, part D, "Facts cond."[sic]). Plaintiff also complains without specificity, that defendants were responsible for the loss of $7,385.00 in personal property. (Complaint § V).

  As plaintiff filed this action *pro se* while incarcerated, the Complaint is deemed filed when he gave complaint to prison officials to be mailed to the court. <u>Fernandez v. Artuz</u>, 402 F.3d 111, 114 n.2 (2d Cir. 2005); <u>Dory v. Ryan</u>, 999 F.2d 679, 682 (2d Cir. 1993). Therefore, at the earliest, plaintiff filed this action on April 23, 2007, when he signed and dated the complaint.

Construed liberally, plaintiff's primary claims against defendants Delgado and NYPD are that they falsely arrested and maliciously prosecuted him, subjected him to excessive force, and showed deliberate indifference to his medical needs, on or about May 24, 2003. (Complaint, passim). Plaintiff's claim against defendant Johnson meanwhile is limited to malicious prosecution. (Complaint § II, part D, "Facts cond."[sic]). Similarly, construed liberally, plaintiff's allegations against defendant DOC amount to a failure to protect claim. (Complaint § II, part D, "Facts cond."[sic]). Defendants Johnson, Delgado, DOC and NYPD now request the Court's consent to move to dismiss this action against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Both DOC and NYPD are non-suable entities and, as such, all claims against them should be dismissed. Defendants DOC and NYPD are organizational subdivisions of the City of New York. Organizational subdivisions of the City of New York lack an independent legal identity and, therefore, are not suable entities. See N.Y.C. Charter, Chapter 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law"; Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) (dismissing claim against the NYPD because it is an agency of the City of New York"); East Coast Novelty Co. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992) (dismissing claims against the NYPD because it is not a suable entity). Therefore, all claims against defendants DOC and NYPD should be dismissed.[1]

In addition, plaintiff's false arrest, excessive force, and deliberate indifference claims are time-barred and should be dismissed. The statute of limitations applicable to an action brought under 42 U.S.C. § 1983 is three years. Owens v. Okure, 488 U.S. 235, 250 (1989); Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 331-32 (2d Cir. 1997) ("the statute of limitation that governs a Section 1983 action arising in New York is the three-year statute of limitations applicable to a personal injury action"). A §1983 claim accrues at the time that plaintiff knows, or has reason to know, of the injury that is the basis of his action. Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981); Cullen v. Margiotta, 811 F.2d 698, 725 (2d. Cir. 1987); Eagleston v. Guido, 41 F.2d 865, 871 (1994).

Plaintiff alleges that he was arrested on May 24, 2003. (Complaint § II, part D). Plaintiff also alleges that he was subjected to excessive force on May 24, 2004. (Id.) Plaintiff then further alleges that he was denied medical treatment on May 24, 2003. (Complaint § II, part D, "Facts cond."[sic]). Plaintiff was therefore aware of the alleged constitutional violations on May 24, 2003. Accordingly, the statute of limitations on plaintiff's false arrest, excessive force, and deliberate indifference claims expired on May 24, 2006, nearly a year before plaintiff filed this action on April 23, 2007.

---

[1] Defendants submit that it would be futile for plaintiff to substitute the City of New York as a defendant for defendants DOC and NYPD in this matter. The City of New York cannot be held liable under a *respondeat superior* theory of liability in §1983 claims. Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978).

With respect to defendant Johnson, plaintiff's malicious prosecution claim must be dismissed because (1) defendant Johnson lacked the requisite personal involvement required for liability; and (2) defendant Johnson is entitled to absolute immunity from suit in the instant matter.

Plaintiff fails to sufficiently allege how Bronx District Attorney Johnson was personally involved in his prosecution. Given that there is no *respondeat superior* liability under §1983, (Monell, 436 U.S. at 691-95), a lack of personal involvement is fatal to a claim for malicious prosecution. See e.g., Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987) (dismissing a malicious prosecution claim against a supervisory United States Attorney); Romer v. Morgenthau, 119 F. Supp. 2d 346, 355 (S.D.N.Y. 2000)(dismissing claim against a district attorney for lack of personal involvement). Accordingly, any malicious prosecution claim against defendant Johnson must be dismissed.

Furthermore, assuming *arguendo* that plaintiff's claims against defendant Johnson are not barred by the aforementioned flaw, defendant Johnson would be entitled to absolute immunity from this suit. Construing plaintiff's claims liberally as a suit against defendant Johnson in his individual capacity,[2] it is well-settled law that a prosecutor acting in his role as an advocate for the State is entitled to the protection of absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). This immunity extends to claims that a defendant prosecutor allowed plaintiff to be prosecuted without probable cause. Id. at 274. Moreover, the protection of absolute immunity even precludes claims that defendant Johnson, or any other prosecutor, knowingly prosecuted an innocent person. Shmueli v. City of New York, 424 F.3d 231, 236-39 (2d Cir. 2005). Therefore, defendant Johnson is also entitled to absolute immunity from plaintiff's malicious prosecution claims.

Lastly, should the Court construe plaintiff's complaint to include any pendant state law claims against any defendant, in the absence of federal claims for the aforementioned reasons, the Court should refrain from exercising pendent jurisdiction over plaintiff's state law claims. Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998).

---

[2] Plaintiff does not clearly indicate the capacity under which he sues defendant Johnson. Defendants however submit that any attempt to sue defendant Johnson in his official capacity would be entirely futile as a district attorney prosecuting a criminal matter in New York State, represents New York State. Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993). Accordingly, the Eleventh Amendment would any such claim for money damages against a state actor in his official capacity. Kentucky v. Graham, 473 U.S. 159, 169 (1985); Gan v. City of New York, 996 F. 2d at 536.

Accordingly, defendants respectfully request that the Court conduct a pre-motion conference on this proposed motion. In the alternative, defendants Johnson, Delgado, DOC, and NYPD request that the Court endorse the following proposed briefing schedule for their motion to dismiss: December 1, 2007 for defendants Johnson, Delgado, DOC, and NYPD's motion to dismiss and supporting memorandum; January 2, 2008 for plaintiff's response; and January 16, 2008 for defendants Johnson, Delgado, DOC, and NYPD's reply.

Thank you for your consideration.

Respectfully submitted,

Douglas Heim
Assistant Corporation Counsel

cc: Mr. Damon Perez
    #05-R-4707
    Mohawk Correctional Facility
    6100 School Road
    P.O. Box 8451
    Rome, New York 13442

*[Handwritten endorsement:] Application granted. This schedule is acceptable with the necessity of a conference. So Ordered. [signature] October 4, 2007*