```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

DAMON PEREZ,

                        Plaintiff,

        - against -

THE COUNTY OF BRONX DISTRICT              MEMORANDUM and ORDER
ATTORNEY, ROBERT T. JOHNSON; THE
BRONX COUNTY POLICE DEPARTMENT 43rd       07 Civ. 3761 (NRB)
PCT.; DETECTIVE ADRIAN DELGADO,
BRONX COUNTY POLICE DETECTIVE; NEW
YORK CITY DEPARTMENT OF CORRECTION,
GEORGE MOTCHAN DETENTION CENTER (C-
73); THE CITY OF NEW YORK POLICE
DEPARTMENT HEADQUARTERS,

                        Defendants.

-----------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/08

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pro se plaintiff Damon Christopher Perez brings this suit under 42 U.S.C. § 1983, alleging various constitutional violations stemming from his arrest, prosecution, and incarceration at Rikers Island. The defendants are Bronx County District Attorney Robert T. Johnson, the "Bronx County Police Department", Detective Adriana Delgado, the New York City Department of Correction ("NYC DOC"), the New York City Police Department ("NYPD"), and the City of New York ("City") (collectively "defendants").

Presently before the Court is defendants' motion to dismiss all claims pursuant to Rule 12(b)(6). As a preliminary matter,

we grant defendants' motion with respect to the "Bronx County Police Department," the NYC DOC, and the NYPD, because they are not suable entities.[1] For the reasons set forth below, we also grant defendants' motion as to the suable defendants: District Attorney Johnson, Detective Delgado, and the City.

## BACKGROUND[2]

On May 24, 2003, several New York City police officers entered plaintiff's home with guns drawn. According to the complaint, the officers neither showed plaintiff a warrant nor had his permission to enter. In arresting plaintiff, Detective Delgado allegedly fastened handcuffs around plaintiff's wrists too tightly, cutting off circulation and causing severe pain and swelling in his wrists. Once plaintiff was brought outside, an officer allegedly slammed plaintiff's head into a police vehicle, causing further injury. According to plaintiff, the

---

[1] The New York City Charter provides:

> All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.

N.Y. City Charter § 396. The NYC DOC and the NYPD are agencies of the City, and there is no separate entity known as the "Bronx County Police Department." Thus, no action can be brought directly against any of them. See E. Coast Novelty Co. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992); Martin v. New York, 627 F. Supp. 892, 894 n.2 (E.D.N.Y. 1985).

[2] Unless otherwise indicated, the following facts are drawn from plaintiff's complaint.

2

officers left his residence unsecured and several thousand dollars worth of property was subsequently stolen.

Plaintiff was then processed by the NYPD, and allegedly denied medical treatment. He was charged with Attempted Murder in the Second Degree, Assault in the First Degree, and Criminal Possession of a Weapon in the Fourth Degree. While in custody on Rikers Island, plaintiff was attacked by other inmates and suffered bruising to his face and serious injuries to his right eye. On May 3, 2004, after spending approximately one year on Rikers Island, plaintiff was acquitted by a jury of all charges.

Plaintiff signed and dated the instant complaint on April 23, 2007, and it was filed on May 14, 2007. Defendants moved to dismiss on January 2, 2008.

## DISCUSSION

### I.  Motion to Dismiss

While a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, a plaintiff cannot rely on a "formulaic recitation of the elements of a cause of action" and must, at a minimum, sufficiently plead the facts underlying the claim "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted).

3

In considering a Rule 12(b)(6) motion to dismiss, we accept as true the facts alleged in the amended complaint, drawing all reasonable inferences in plaintiff's favor. Bolt Elec. Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994).

**II. Federal Claims**

    **A. Plaintiff's Claims Against the Police are Barred by the Statute of Limitations**

Plaintiff alleges that on May 24, 2003 he was falsely arrested, subjected to excessive force, and denied medical treatment after he was injured by the officers who arrested him. Defendants contend that these claims are barred by the applicable statute of limitations. We agree.

In New York, a § 1983 action must be filed within three years of the date of accrual. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004); N.Y. C.P.L.R. § 214(5) (McKinney 1990). The date of accrual for a § 1983 claim is determined by federal law. Wallace v. Kato, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007).

In general, the statute of limitations begins to run from the date a plaintiff knows or has reason to know of the injury that forms the basis of his claim. Leon v. Murphy, 988 F.2d

4

303, 308 (2d Cir. 1993). When a plaintiff proceeds pro se and is incarcerated at the time of the filing of the complaint, the complaint is deemed filed when he gives the complaint to prison officials to be mailed to the court. Fernandez v. Artuz, 402 F.3d 111, 113 n.2 (2d Cir. 2005); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993). In this case, the earliest date on which plaintiff might have given the complaint to prison officials was April 23, 2007, the date on which he signed it. Thus, we use this date as the filing date in considering each of plaintiff's claims.

Plaintiff's first claim, for excessive force, accrued on May 24, 2003, when he was allegedly injured by the arresting officers. See Daniel v. Safir, 175 F. Supp. 2d. 474, 480 (E.D.N.Y. 2001)("[C]ourts have repeatedly held that claims for . . . excessive force accrue on the date . . . the force is used."); see also Singleton v. New York, 632 F.2d 185, 191 (2d Cir. 1980); Decristo v. City of New York, No. 03 Civ. 1819 (LAP), 2004 U.S. Dist. LEXIS 9557, at *2 (S.D.N.Y. May 25, 2004). Accordingly, the statute of limitations ran three years later, on May 24, 2006 -- more than ten months before plaintiff signed the instant complaint on April 23, 2007. Thus, plaintiff's excessive force claim is barred as untimely brought.

Plaintiff's second claim also accrued on May 24, 2003, when he was allegedly denied medical treatment after being taken into

5

custody.[3] See Thomas v. Arevalo, No. 95 Civ. 4704 (SS), 1998 U.S. Dist. LEXIS 11588, at *35 (S.D.N.Y. July 27, 1998); Hayes v. N.Y. State Dep't of Corrs. Officers, No. 97 Civ. 7383 (MBM), 1998 U.S. Dist. LEXIS 20073, at *10-11 (S.D.N.Y. Dec. 23, 1998). Thus, this claim is also barred because the statute of limitations also ran on May 24, 2006, more than ten months before plaintiff filed the instant complaint.

Plaintiff's final claim, for false arrest, accrued on May 25, 2003 when he was arraigned. See Wallace, 127 S. Ct. at 1096 (holding that a false arrest claim accrues on the date the plaintiff becomes detained pursuant to legal process - when, for example, the victim is "bound over by a magistrate or arraigned on charges."); Supp. Decl. of Douglas Heim in Supp. of Defs.' Mot. for Summ. J. ¶ 2, Ex. G. Thus the statute of limitations ran on May 25, 2006, which is, once again, more than ten months before plaintiff initiated this action.

### B. Malicious Prosecution

Plaintiff has also included a claim against Bronx County District Attorney Johnson for malicious prosecution. Johnson

---

[3] Plaintiff alleges that Delgado "squeezed the cuffs so tight on me . . . cutting off the blood circulation causing swelling and severe pain and injury to my wrist." (Compl. 3.) Plaintiff further alleges that he sustained head injuries but remained conscious when he was slammed "head first into defendant's Black unmarked Police vehicle." (Id.) Clearly, plaintiff became aware of these injuries at the time he allegedly received them.

6

responds that the claim should be dismissed because, among other reasons, he is shielded by absolute immunity.

Prosecutorial immunity provides that "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991)(quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Indeed, the Second Circuit has held that absolute immunity shields a prosecutor's decision to bring an indictment even when there is no probable cause. See Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004)(citing Buckley v. Fitzsimmons, 509 U.S. 259, 274 n.5 (1993)). Thus plaintiff's claim, insofar as it relies upon Johnson's decision to initiate the prosecution, fails.[4]

### C. Claims against the City for Constitutional Violations at Rikers

Plaintiff claims that he was attacked and injured at Rikers Island and seeks to recover against the City for failing to

---

[4] While absolute immunity does not apply when a prosecutor acts "in administration or investigation not undertaken in preparation for judicial proceedings," Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995), plaintiff allegations are unrelated to any administrative policy or procedure.

7

provide adequate protection at the prison.[5] In order for a municipality to be held liable for a constitutional violation, the violation must occur because of a municipal policy or custom. Monell v. New York City Dep't of Soc. Services, 436 U.S. 658, 690 (1978); see also id. at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.").

With respect to his claim regarding the alleged attack at Rikers Island, plaintiff fails to allege that a City policy or custom caused his rights to be violated. Instead, plaintiff requests that we grant him time for discovery so that he might identify such a policy. Plaintiff fails, however, to even begin to suggest what that policy might be, or how discovery would uncover it and discovery is not for the purpose of finding a cause of action. Accordingly, plaintiff's request for discovery is denied, and defendants' motion to dismiss any § 1983 claims

---

[5] We did not grant plaintiff's request to amend his complaint to add as a defendant the Warden of George Motchan Detention Center on Rikers Island. See Order Granting Mot. to Amend, Nov. 30, 2007. Even if we had, we would dismiss any § 1983 claim against the Warden because plaintiff fails to allege any personal involvement by the Warden in plaintiff's injuries. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)(ruling that personal involvement of a defendant in an alleged constitutional violations is a prerequisite to an award of damages under § 1983).

against the City for deliberate indifference to plaintiff's safety is granted.[6]

### III. State Claims

Construed liberally, plaintiff's complaint alleges several state law claims, including negligent mismanagement of the Bronx County District Attorney's Office by defendant Johnson. Because we have found that there is no basis for plaintiff's § 1983 claims, we decline to exercise supplemental jurisdiction over any of his state law claims. 28 U.S.C. § 1367(c)(3).

Even if we were to exercise jurisdiction over plaintiff's state law claims, we would find them time-barred. Under New York Municipal Law, a tort action against a city or its employees acting in the scope of their employment must be commenced within one year and ninety days from the date on which the cause of action accrues.[7] See N.Y. Gen. Mun. Law § 50-i

---

[6] Similarly, any of plaintiff's claims that could be construed as claims against the City for malicious prosecution are dismissed because the complaint contains no allegation that defendant Johnson was acting pursuant to a municipal policy or custom.

[7] Defendants also argue that plaintiff's state law claims should be dismissed because he never filed the required notice of claim. See N.Y. Gen. Mun. Law §§ 50-e, 50-I (Consol. 2008). In response, plaintiff asserts that he did file a notice of claim in June or July of 2004. However, plaintiff was informed by letter dated June 14, 2007 that there are no records on file regarding a claim filed with the City. Decl. of Douglas Heim in Supp. of Defs.' Mot. to Dismiss ¶ 7, Ex. B.

(Consol. 2008).[8] The latest possible date of accrual for any of plaintiff's claims is May 3, 2004, when plaintiff was released from custody after his acquittal at trial. See Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995); Roman v. Comp USA, Inc., 38 A.D.3d 751, 752, 832 N.Y.S.2d 270, 272 (2d Dep't 2007). Thus, because plaintiff initiated the instant action no earlier than April 23, 2007 -- almost three years after the latest possible accrual date -- his state law claims are time-barred.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss all claims is granted.

**IT IS SO ORDERED**

Dated:   New York, New York
         July 22, 2008

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

---

[8] "Although section 50-i only refers to suits against 'a city, county, town, village, fire district or school district,' courts have consistently held that the statute of limitations applies to suits against city employees as well." Parker v. City of New York, No. 05 Civ. 1803 (PKC), 2008 U.S. Dist. LEXIS 791, at *35 n.3 (S.D.N.Y. Jan. 7, 2008); see, e.g., Gonzalez v. City of New York, No. 94 Civ. 7377 (SHS), 1996 U.S. Dist. LEXIS 5942, at *2 (S.D.N.Y. May 3, 1996); Taylor v. Mayone, 626 F.2d 247, 252 (2d Cir. 1980); Dove v. City of New York, No. 03 Civ. 5052 (JFB), 2007 U.S. Dist. LEXIS 18341, at *41 (E.D.N.Y. Mar. 15, 2007).

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

**Pro Se Plaintiff**
Mr. Damon C. Perez
#05-R-4707
Gouverneur Correctional Facility
Scotch Settlement Rd., P.O. Box 480
Gouverneur, NY 13642-0370

**Counsel for Defendants**
Douglas Heim
Assistant Corporation Counsel
The City of New York
100 Church Street, Room 3-153
New York, NY 10007